# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JAVIER JESUS ALVARES; GRACIELE ANDRADE; and ROLANDO CONTRARAS,

      Plaintiffs,

vs.

ADRAIN McMULLIN; OKELBERRY TRUCKING, LLC; DOE OWNER, I–V, DOE DRIVER, I–V; ROE EMPLOYER; ROE TRUCKING COMPANY; and ROE COMPANIES,

      Defendants.

ADRAIN McMULLIN and OKELBERRY TRUCKING, LLC,

      Counter-Plaintiffs,

vs.

JAVIER JESUS ALVARES,

      Counter-Defendant.

Case No.: 2:13-cv-02256-GMN-CWH

**ORDER**

    Pending before the Court is the Motion for Summary Judgment (ECF No. 33) filed by Plaintiff/Counter-Defendant Javier Jesus Alvares ("Alvares"). Defendant/Counter-Plaintiff Adrain McMullin ("McMullin") and Defendant/Counter-Plaintiff Okelberry Trucking, LLC ("Okelberry Trucking") (collectively "Defendants") filed a Response in Opposition (ECF No. 38), and Alvares filed a Reply in Support (ECF No. 43).

    Also pending before the Court is the Motion for Summary Judgment (ECF No. 35) filed by McMullin and the Motion for Partial Summary Judgment (ECF No. 37) filed by Okelberry Trucking. Alvares, along with Plaintiff Graciele Andrade ("Andrade") and Plaintiff Rolando

Contraras ("Contraras") (collectively "Plaintiffs"), filed their Responses in Opposition (ECF Nos. 44 & 45), and Defendants filed their respective Replies in Support (ECF Nos. 48 & 49).

## I.  BACKGROUND

This case arises out of a motor vehicle collision that occurred on May 17, 2012, involving Plaintiffs and McMullin while McMullin was driving a vehicle in the course of his employment with Okelberry Trucking. (Compl. ¶¶ 1–5, 13–19, ECF No. 1-1).  Plaintiffs allege that on the date in question, Alvares was driving a vehicle along a public road in Clark County, Nevada with Andrade and Contraras as passengers. (*Id.* ¶¶ 14–13).  Plaintiffs further allege that McMullin was recklessly or negligently driving a vehicle owned by Okelberry Trucking along the same road when he changed lanes behind Plaintiffs and subsequently rear-ended Plaintiffs' vehicle, resulting in substantial injuries to Plaintiffs. (*Id.* ¶¶ 15–17, 20–37).  According to Plaintiffs, this collision occurred after the car in front of Plaintiffs' stopped suddenly, forcing Plaintiffs' to abruptly stop in front of McMullin, who was following Plaintiffs too closely to break in time and avoid hitting their vehicle. (Alvares MSJ 2:1–16, ECF No. 33).

Plaintiffs initiated this action in state court by filing their Complaint, alleging claims for negligence against both Defendants and for respondeat superior liability and negligent entrustment, hiring, training, supervision, and maintenance against Okelberry Trucking. (Compl. ¶¶ 20–47, ECF No. 1-1).  Defendants removed the action to this Court on the basis of diversity jurisdiction. (Not. of Removal, ECF No. 1).  In their Answer to the Complaint (ECF No. 13), Defendants raised a counterclaim against Alvares for contribution and indemnity based upon his alleged comparative negligence in causing the collision.  The parties subsequently filed their respective summary judgment motions.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing

party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.   DISCUSSION

**A.   Okelberry Trucking's Motion for Partial Summary Judgement**

In its Motion for Partial Summary Judgment, Okelberry Trucking acknowledges that because it has admitted that the vehicle collision occurred while McMullin was acting in the course and scope of his employment, Okelberry Trucking is liable for any negligent act by McMullin through a theory of respondeat superior liability. (Okelberry MSJ 2:15–3:2, ECF No. 35). However, Okelberry Trucking also asserts that because it has admitted respondeat superior liability for any negligence on the part of McMullin, it is entitled to summary judgment on Plaintiffs' claims for negligent entrustment, hiring, training, supervision, and maintenance because these claims are redundant with their respondeat superior claim. (*Id.* 5:4–6:27).

Though the Supreme Court of Nevada has not directly addressed the issue of whether a plaintiff may assert claims for negligent entrustment, supervision, or maintenance against an employer when it has admitted the employee was acting within the course and scope of employment when the injury occurred, the majority of jurisdictions—including California[1]—have held that such claims, when premised on the negligent act of the employee, are barred once respondeat superior liability is established. *See, e.g., Diaz v. Carcamo*, 253 P.3d 535, 538 (Cal. 2011) (finding that a plaintiff in a vehicle collision action may not sue an employer for negligent entrustment when the employer has admitted respondeat superior liability); *Durben v. Am. Materials, Inc.*, 503 S.E.2d 618, 619 (Ga. Ct. App. 1998) ("Generally, when an employer admits the applicability of respondeat superior, it is entitled to summary judgment on claims for negligent entrustment, hiring, and retention."). The rationale for this rule is that the employer is still only liable for the employee's negligence, the plaintiff cannot recover any more in damages than he would recover under a theory of respondeat superior, and the collateral evidence of the other claims would likely be irrelevant and inflammatory. *See Jeld-Wen, Inc. v. Superior Court*, 32 Cal. Rptr. 3d 351, 356 (Cal. Ct. App. 2005) (citing Powell, *Submitting Theories of Respondeat Superior and Negligent Entrustment/Hiring* 61 Mo. L.Rev. 155, 162 (1996)). All three of these rationales are present in this case, and the Court predicts that Nevada would adopt the majority rule in situations like the present one, where the direct claims of negligence against the employer rest entirely upon the alleged negligence of the employee and are therefore superfluous with the claim for respondeat superior liability. *See Adele v. Dunn*, No. 2:12-CV-00597-LDG, 2013 WL 1314944, at *2 (D. Nev. Mar. 27, 2013) ("The court predicts that Nevada would adopt the majority rule such that, in situations in which a motor carrier admits vicarious liability for the conduct of a driver, direct claims of negligent

---

[1] "Nevada courts often look to California law where, as here, Nevada law is silent." *Hiekel v. 268 Ltd.*, 887 F.2d 1089 at, *1 n.3 (9th Cir. 1989) (citing *Commercial Standard Ins. Co. v. Tab Constr., Inc.*, 583 P.2d 449, 451 (Nev. 1978)).

entrustment or negligent training and supervision against a motor carrier would be disallowed where those claims are rendered superfluous by the admission of vicarious liability."); *cf. State, Dep't of Human Res., Div. of Mental Hygiene & Mental Retardation v. Jimenez*, 935 P.2d 274, 284–85 *opinion withdrawn, reh'g dismissed*, 941 P.2d 969 (Nev. 1997) ("Therefore, while the State was liable on the theory of negligent supervision, we conclude that the district court erroneously awarded damages on that claim when John Doe was fully compensated on the theory of respondeat superior."). *But see Wright v. Watkins & Shepard Trucking, Inc.*, 968 F. Supp. 2d 1092, 1094–96 (D. Nev. 2013) (rejecting the argument that Nevada would adopt the majority rule). Furthermore, in their Response, Plaintiffs do not even dispute that Okelberry Trucking is entitled to summary judgment on these claims and have indicated that they are willing to dismiss those claims. (Pls' Resp. to Okelberry Trucking MPSJ 5:1–4, ECF No. 44).

Accordingly, Okelberry Trucking's Motion for Partial Summary Judgment is granted. Okelberry Trucking is granted summary judgment in its favor on Plaintiffs' claims against it for negligent entrustment, hiring, training, supervision, and maintenance.

**B.     McMullin's Motion for Summary Judgement**

In his Motion for Summary Judgment, McMullin asserts that he is entitled to summary judgment on Plaintiffs' claims for negligence against him because Okelberry Trucking has admitted respondeat superior liability for any negligent act performed by McMullin and any damages award against McMullin would be duplicative with the award against Okelberry Trucking. (McMullin MSJ 7:1–12, ECF No. 35). McMullin, however, is incorrect. An employer's admission of respondeat superior liability for the negligence of one of its employees does not remove liability from the tortfeasor employee for his own negligence. *See generally*, *ETT, Inc. v. Delegado*, No. 46901, 2010 WL 3246334, at *1, 6–8 (Nev. Apr. 29, 2010) (affirming the trial court's finding of joint and several liability against both a trucking company for, *inter alia*, vicarious liability and its driver for negligence in driving while intoxicated).

Though Plaintiffs may not obtain duplicative damages awards from both Defendants, they are still entitled to pursue their claims based on the each of the Defendant's liability. *See Diaz*, 253 P.3d at 543 (Cal. 2011) ("[I]f an employer admits vicarious liability for its employee's negligent driving in the scope of employment, the damages attributable to both employer and employee will be coextensive.") (quotations omitted). Accordingly, McMullin's Motion for Summary Judgment is denied.

### C. Alvares's Motion for Summary Judgement

In his Motion for Summary Judgment, Alvares asserts that he is entitled to summary judgment on Defendants' counterclaim against him for comparative negligence because "Defendants have provided no viable evidence that Counter-Defendant Alvares caused this accident in any way." (Alvares MSJ 2:25–3:1, ECF No. 33). Specifically, Alvares alleges that the undisputed facts show that (1) the investigating police officer found McMullin's actions to be the sole cause of the collision; (2) McMullin admitted that he changed lanes faster and with less distance between himself and Plaintiffs than he normally would; (3) Defendants have failed to produce any evidence demonstrating Alvares was negligent; and (4) there is no remaining discovery regarding liability. (*Id.* 3:3–4:24). Therefore, Alvares contends that there is no evidence even suggesting any comparative negligence on his part in causing the collision. (*Id.* 5:17–8:10).

In their Response, Defendants argue that (1) the officer's opinion is not admissible evidence; (2) the fact that McMullin would normally leave more distance between himself and the vehicle in front of him is not an admission of negligent driving; and (3) discovery is not closed on liability and Defendants' designated truck safety expert will testify about McMullin's driving and has yet to be deposed. (Defs' Resp. to Alvares MSJ 2:25–4:13, ECF No. 38). Defendants also present evidence showing that questions of fact relating to Alvares's comparative negligence exist regarding whether Alvares was using his cellphone at the time of

the accident and whether Alvares maintained a proper distance from the vehicle in front of him. (*Id.* 6:8–7:13).

To obtain summary judgment, a party must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Moreover, it is well-settled that a comparative fault analysis is generally a factual determination for a jury that is not appropriate for resolution on summary judgment. *See Sanderson v. Chapman*, 487 F.2d 264, 266 (9th Cir. 1973) ("The existence of negligence, *vel non*, on the part of the driver of the Ford was a question of fact."); *Marty ex rel. Marty v. Malin*, 2012 WL 3139862, at *2 (Nev. July 31, 2012) ("The jury is responsible for the comparative negligence analysis as a question of fact.") (citing *Turner v. Mandalay Sports Entm't*, 180 P.3d 1172, 1177 n.30 (Nev. 2008)).

Here, there are at least two material fact issues relating to Alvares's potential comparative negligence. Alvares's incredulous claim that these issues are immaterial notwithstanding, (Alvares Reply in Supp. of MSJ 4:16–18, 4:27–28, ECF No. 43), whether Alvares was on his phone and whether he was maintaining a safe distance between himself and the car in front of him are material facts that could lead to a finding that Alvares was partially responsible for causing the accident. For example, if Alvares was following the car in front of him too closely, then his breaking more suddenly because of that close proximity would have given McMullin less time and distance to break and avoid rear-ending Plaintiffs. Likewise, if Alvares was using his cellphone at the time of the collision, he may have been slower to react to the car breaking in front of him, giving McMullin less time to break behind Plaintiffs. Therefore, the distance between Alvares and the car in front of him and Alvares's use of his cellphone are material facts relating to Alvares's alleged comparative negligence that are disputed by the parties and must be resolved by a jury. *See Nehls v. Leonard*, 630 P.2d 258, 260 (Nev. 1981) (reversing summary judgment in an automobile collision case granted in favor of

the automobile driver that was hit from behind because "factual issues exist as to whether respondent was negligent in stopping as she did, and . . . the evidence may persuade the jury that . . . the stop constituted a substantial factor in causing the collision in which appellant sustained injuries."). Accordingly, Alvares is not entitled to summary judgment on the comparative negligence claim against him, and his motion is denied.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant/Counter-Plaintiff Okelberry Trucking's Motion for Partial Summary Judgment (ECF No. 37) is **GRANTED**. Okelberry Trucking is granted summary judgment on Plaintiffs' claims against it for negligent entrustment, hiring, training, supervision, and maintenance.

**IT IS FURTHER ORDERED** that Defendant/Counter-Plaintiff Adrain McMullin's Motion for Summary Judgment (ECF No. 35) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff/Counter-Defendant Javier Jesus Alvares's Motion for Summary Judgment (ECF No. 33) is **DENIED**.

**DATED** this 3rd day of June, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge